The opinion of the Oourt was delivered by
Nott, J.
The first ground taken for a new trial in this case was a mere question of fact for the consideration of the jury; and the Court is satisfied that the evidence authorized the verdict which they have found, and that it ought not to be set aside on that ground.
The second ground furnishes a question of more difficulty. It is a general rule, that a plaintiff in ejectment must recover on the strength of his own title; but it is by no means an universal one. A mortgagor *sliall not be permitted to set up a title of a third person against Ms mortgagee; nor shall a tenant who has paid rent, and acted as such be suffered to set up a title in a third person against his lessor. 1 D. & E., 758, Bristow v. Pegge, in note.
In the case of Jackson v. Harder, 4 Johns. 211, the doctrine is carried still farther. It is there laid down, that a mere intruder shall not be permitted to protect his intrusion under an outstanding title in a stranger.
All general rules are subject to such exceptions as are calculated to effect the object for which this rule itself was intended. For what purpose should the title offered in this case be admitted ? Not to protect real owner of the land in Ms possession, but to drive Mm to another action, to gain the very object which may be attained by this. The recovery of the plaintiff in this action, will be a recovery for the benefit of the purchaser at sheriff’s sale, if that has been regular and fair; if it is not, the plaintiff ought not to be defeated by it.
But, in any event, the plaintiff would have been entitled to such damages as he had sustained before the sale by the sheriff, and that is all he has recovered. So that the verdict in either case would have been the same. If a term expires pending an action, the party shall not have possession, but he may have his damages. 2 Bacon, 431, tit. Ejectment, F. (Yerdict and Judgment.) This case is precisely the same in principle, so far as regards the damages. If the defendant had shown a -title in himself, the case would have been different. For although, even in that case, the plaintiff would have been entitled to his damages, the Court would not have granted him a habere facias possessionem, to turn the defendant out.
In one point of view, the deed might have been received in evidence. The plaintiff was not entitled to damages after the title was out of him. If, therefore, he had pressed for damages, up to the time of the verdict, the deed ought to have been permitted to be given in evidence, to show at what time he became divested of his title. But as no damages have *126 been given* for the occupation, the rejection of it can furnish no ground for a new trial.
Stark, Solicitor, for the motion. Blanding, contra.
The motion therefore, must be rejected.
Grimke, Colcock, Cheyes and Johnson, concurred.